IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 121-047-12 |
| | * | |
| ELIJAH ABDULLAH DAVIS | * | |

O R D E R

Defendant Elijah Abdullah Davis is currently serving a fifteen-month sentence upon his guilty plea to the use of a communication facility in relation to a drug conspiracy. He is currently housed at FCI Jesup in Georgia with a projected release date of August 16, 2023. At present, Davis moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based upon his medical condition and family circumstances. More specifically, Davis claims that he needs to help his wife, who is to undergo hernia surgery in June, take care of their tender-aged children. He adds that one of his twins is having surgery this month. Davis also claims that his health issues affect his ability to "self care." His health conditions include hypertension, sleep apnea, obesity, and atrial fibrillation.

A defendant may move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30

days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, while Davis filed a petition with the Warden related to his health issues, he did not provide information or request release for his family issues. The Court will not arrogate the BOP's expertise and informed assessment of an inmate's individual circumstances. Accordingly, the Court dismisses Davis's family circumstances claim because he has failed to exhaust the claim with the BOP prior to filing.

With respect to his health, a sentence may be reduced only under "extraordinary and compelling" circumstances, and such reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement, U.S.S.G. § 1B1.13, provides that a serious medical condition may constitute and extraordinary and compelling reason to grant relief. The commentary to § 1B1.13 provides that a medical condition is sufficiently serious only if it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is one from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A).

Other than a conclusory statement, Davis has made no showing that he cannot provide self care. Indeed, his inmate medical records provided by the Government demonstrate that his medical

2

issues are being regularly monitored and adequately treated. (See generally Gov't Resp. in Opp'n, Doc. 611, Ex. B.) The Court recognizes that Davis appears to be battling an atrial fibrillation condition, but the medical records indicate that the BOP has been very attentive to the situation and has transported him to emergency rooms and outside doctor's appointments as needed. An inmate will not always be healthy while incarcerated; the issue for compassionate release purposes is whether an unhealthy inmate endures a truly extraordinary and compelling medical condition with which he can no longer take care of himself in the prison environment, even with proper medical treatment and medication. Davis has made no showing that his medical condition rises to this level so as to warrant early release.[1]

Upon the foregoing, Defendant Elijah Abdullah Davis's motion for compassionate release (doc. 600) is **DISMISSED IN PART and DENIED IN PART**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of May, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021) (stating it is movant's burden to show that his circumstances warrant a sentence reduction under § 3582(c)(1)(A)).

3